Argued and submitted February 28, remanded for resentencing March 22, 1989

# STATE OF OREGON,
*Respondent,*

*v.*

# KENNETH ALAN BENEDICT,
*Appellant.*

(87-02-30954, 87-12-37234;
CA A48956 (Control), A48957)
(Cases Consolidated)

770 P2d 973

Gary D. Babcock, Public Defender, Salem, argued the cause and filed the brief for appellant.

Ann Kelley, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

PER CURIAM

## PER CURIAM

Defendant contends that the trial court erred in ordering that his escape sentence run consecutively to a subsequently imposed burglary sentence. ORS 137.123(1).[1]

Defendant pled guilty to burglary in the first degree on June 2, 1987. Imposition of sentence was suspended, and he was placed on probation for three years. On March 18, 1988, he pled guilty to escape in the second degree and was sentenced to five years imprisonment with an 18-month minimum. Execution of that sentence was suspended, and defendant was placed on probation for five years. On May 31, 1988, the trial court revoked defendant's probations, sentenced him to ten years imprisonment for the burglary and ordered execution of the earlier sentence imposed for the escape to run consecutively to the burglary sentence.

Defendant argues that the sentencing sequence is contrary to a literal reading of the statute. Although the sentencing order may be technically flawed, the trial court clearly expressed a desire for consecutive sentences. The flaw can be corrected by simply reversing the order of the sentences. That will not change the actual time that defendant is to serve.

Remanded for resentencing.

---

[1] ORS 137.123(1) provides:

"A sentence imposed by the court may be made concurrent or consecutive to any other sentence which has been previously imposed or is simultaneously imposed upon the same defendant. The court may provide for consecutive sentences only in accordance with the provisions of this section. A sentence shall be deemed to be a concurrent term unless the court's order expressly provides for consecutive sentences."